

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-2796

Re: Construction of Section 33
of Article XVI of the Con-
stitution as it affects the
right of a Criminal District
Attorney to represent the
State in a civil suit under
the circumstances stated.

We have your letter of October 2, 1940, requesting an opinion as follows:

"I am presenting your Voucher No. 91 drawn in favor of Forrester Hancock for services rendered the State of Texas in the amount of $60.00. You will please advise if I am prohibited from paying this account by reason of Section 33, Article 16 of the Constitution of this State."

Mr. Forrester Hancock is Criminal District Attorney for Ellis County and the claim referred to is for his professional services rendered in a cause wherein the State of Texas was sued as a defendant, pending at Waxahachie, Ellis County, Texas.

Your letter does not so state, but we are advised Mr. Forrester came into the case at the request of Mr. Richard Cooke, Assistant Attorney General of Texas, who was handling the defense of the case. Mr. Hancock has never been an Assistant to the Attorney General.

Section 33, of Article XVI, of the Constitution, reads as follows:

Hon. Geo. H. Sheppard - Page 2

"The Accounting Officers of this State
shall neither draw nor pay a warrant upon
the Treasury in favor of any person, for
salary or compensation as agent, officer
or appointee, who holds at the same time
any other office or position of honor,
trust or profit, under this State or the
United States, except as prescribed in
this Constitution. Provided, that this
restriction as to the drawing and paying
of warrants upon the Treasury shall not
apply to officers of the National Guard of
Texas, the National Guard Reserve, the Of-
ficers Reserve Corps of the United States,
nor to enlisted men of the National Guard,
the National Guard Reserve, and the Organ-
ized Reserves of the United States, nor to
retired officers of the United States Army,
Navy, and Marine Corps, and retired warrant
officers and retired enlisted men of the
United States Army, Navy and Marine Corps."

That part of the section which forbids the
drawing or payment of a warrant against the public funds
of the State to pay to any person as "agent, officer or
appointee", undoubtedly covers the present case for Mr.
Hancock is an officer -- Criminal District Attorney --
whose compensation is fixed by statute. We do not be-
lieve, however, that his employment as an attorney in
one case made him the holder of another "office or posi-
tion of honor, trust or profit." If that were the case,
every practicing attorney would hold as many "positions
* * * under the State" as he had clients with pending
suits. This is not the meaning of the word "position"
in this connection.

The case involving the question of fee to Mr.
Hancock was a civil action against the State, by per-
mission of the Legislature, for damages incident to
the construction of a highway and was not one which
the Criminal District Attorney for Ellis County was
called upon to defend.

So that, answering your question specifically,
this department is of the opinion that Section 33, of

Article XVI, of the Constitution affords no obstacle to the issuance of a warrant in payment of the account tendered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVEDNOV 25, 1940

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE